# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **LINFO IP, LLC,**<br>      Plaintiff, | Civil Action No. 6:23-cv-00725 |
| v. | |
| **L'OREAL USA, INC.,**<br>      Defendant | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Linfo IP, LLC ("Linfo") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of 9,430,131 ("the '131 patent") (referred to as the "Patent-in-Suit") by by L'Oreal USA, Inc. ("L'Oreal").

### THE PARTIES

1. Plaintiff Linfo is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, L'Oreal is a corporation organized under the laws of the State of Delaware, with a regular and established place of business located at 7th Street, Suite 620, Austin, TX, 78701-3218. On information and belief, L'Oreal sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. L'Oreal may be served through its registered agent, The Prentice-Hall Corporation System, Inc., 251 Little Falls Drive, Wilmington, Delaware 19808, at its place of business, or anywhere thay may be found.

1

## I. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## II. INFRINGEMENT

### A. Infringement of the '131 Patent

6. On August 30, 2016, U.S. Patent No. 9,430,131 ("the '131 patent", included as Exhibit A) entitled "System, methods, and user interface for organizing unstructured data objects" was duly and legally issued by the U.S. Patent and Trademark Office. Linfo IP, LLC owns the '131 patent by assignment.

7. The '131 patent relates to a novel and improved methods and apparatuses for conducting electronic commerce.

8. L'Oreal maintains, operates, and administers systems that facilitate organizing and structuring an unstructured collection of electronic objects that infringes one or more claims of the '131 patent, including one or more of claims 1-20, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '131 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. L'Oreal has and continues to induce infringement. L'Oreal has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., organizing unstructured data sets by priority) such as to cause infringement of one or more of claims 1–20 of the '131 patent, literally or under the doctrine of equivalents. Moreover, L'Oreal has known of the '131 patent and the technology underlying it from at least the filing date of the lawsuit.

11. L'Oreal has and continues to contributorily infringe. L'Oreal has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., organizing unstructured

data sets by priority) and related services such as to cause infringement of one or more of claims 1–20 of the '131 patent, literally or under the doctrine of equivalents. Moreover, L'Oreal has known of the '131 patent and the technology underlying it from at least the filing date of the lawsuit.

12. L'Oreal has caused and will continue to cause LINFO damage by direct and indirect infringement of (including inducing infringement of) the claims of the '131 patent.

### III. JURY DEMAND

LINFO hereby requests a trial by jury on issues so triable by right.

### IV. PRAYER FOR RELIEF

WHEREFORE, LINFO prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '131 patent;

b. award LINFO damages in an amount sufficient to compensate it for Defendant's infringement of the '131 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award LINFO an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award LINFO its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award LINFO such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ William P. Ramey, III*
William P. Ramey, III
**Ramey LLP**
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for LINFO IP, LLC***